**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| GAIL A. CONNOR, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 09-cv-1140 (NLH) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

STEPHEN R. BOSIN
70 GRAND AVENUE
RIVER EDGE, NJ 07661-0201
*Attorney for Plaintiff Gail A. Connor*

IVAN R. NOVICH
EDWARDS, ANGELL, PALMER & DODGE, LLP
ONE GIRALDA FARMS
MADISON, NJ 07940
*Attorney for Defendant PNC Corp. & Affiliates Long Term Disability Plan*

**HILLMAN, District Judge**

      Before the Court is plaintiff's motion for attorney's fees. Plaintiff's motion will be granted in part and denied in part and the requested fee reduced as set forth below.

    **I.**    **BACKGROUND**

      The underlying facts were stated at length in the Court's previous opinion and will not be repeated here, except in pertinent part. See Connor v. Sedgwick Claims Management

Services, Inc., 796 F.Supp.2d 568, 570-75 (D.N.J. 2011) (granting in part and denying in part plaintiff's motion for summary judgment).  Plaintiff filed a complaint seeking reinstatement of her long term disability ("LTD") benefits governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq..  Plaintiff filed a motion for summary judgment arguing that defendant's termination of her LTD benefits was arbitrary and capricious because defendant: (1) failed to comply with ERISA's notice provisions, (2) resorted to 'cherry picking' to affirm its decision, (3) failed to consider the decision of the Social Security Administration ("SSA") granting plaintiff disability benefits, (4) failed to consider the side effects of plaintiff's prescription medication and Dr. Burnstein's diagnosis of rhupus, (5) had no reasonable basis to conclude plaintiff was no longer disabled, (6) required plaintiff to prove her disability by objective evidence and (7) unreasonably relied on the biased opinions of Drs. Payne and Lumpkins.  The Court agreed with plaintiff regarding factors (1) through (5), but found for defendant regarding factors (6) and (7).  Id. at 580-90.[1]  The Court then weighed the factors together and determined that defendant's decision to deny benefits was not the product of reasoned decision-making and substantial evidence.  Id. at 590

---

[1] The Court combined factors (2) and (5) in its earlier opinion. Id. at 583 n.35.

2

(quotation marks and citation omitted).  The Court found that the irregularities and errors gave the Court reason to doubt defendant's fiduciary neutrality, and therefore, concluded that defendant's improper termination of plaintiff's benefits was an abuse of discretion.  Id. (quotation marks and citation omitted). Plaintiff now seeks an award of attorney's fees.

### III. DISCUSSION

#### A. 502(g)(1) of ERISA

Pursuant to 502(g)(1) of ERISA, a District Court has discretion to award attorney's fees to either party.  See 29 U.S.C.A. § 1132; Tomasko v. Ira H. Weinstock, P.C., 357 Fed.Appx. 472, 475 (3d Cir. 2009) ("Section 502(g)(1) of ERISA provides that a district court 'in its discretion may allow a reasonable attorney's fee and costs of action to either party.'").  The fees claimaint need not be the "prevailing party," but must show "some degree of success on the merits" before a court may award attorney's fees.  Hardt v. Reliance Standard Life Ins. Co., 130 S.Ct. 2149, 2158 (2010).  "A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victor[y], but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue."  Id. (citations and internal quotations

3

omitted).

Based on plaintiff's success in being awarded summary judgment in part on grounds that defendant: (1) failed to comply with ERISA's notice provisions, (2) resorted to 'cherry picking' to affirm its decision, (3) failed to consider the decision of the SSA granting plaintiff disability benefits, (4) failed to consider the side effects of plaintiff's prescription medication and Dr. Burnstein's diagnosis of rhupus, and (5) had no reasonable basis to conclude plaintiff was no longer disabled, plaintiff has shown the requisite "some degree of success on the merits" warranting an award attorney's fees under § 1132(g)(1). See Hardt, 130 S.Ct. at 2158 (finding plaintiff achieved far more than "trivial success on the merits" or a "purely procedural victory" even though district court denied summary judgment on benefits claim but remanded claim for further consideration due to evidence that the plan administrator failed to comply with ERISA guidelines and that plaintiff did not get the kind of review to which she was entitled).

Prior the Supreme Court's decision in Hardt, courts in this district applied a five factor test to determine the award of attorney's fees in ERISA cases.  See Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983).  Plaintiff argues that pursuant to the decision in Hardt, it is no longer necessary to apply the five factor test outlined by the Third Circuit in Ursic.  The

4

Court agrees. See Hardt, 130 S.Ct. at 2158 (finding that the five factor test bears "no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence," and stating that application of the test is not "required for channeling a court's discretion when awarding fees under this section."). However, the Supreme Court noted that, after meeting the "some degree of success on the merits" test, a court may also consider the five factor test. Id. at 2158 n.8 (citing Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1029 (4th Cir. 1993)). Since both plaintiff and defendant addressed the five factors in their briefs, and since the Court finds that consideration of the factors provides some guidance to our decision on whether to award attorney's fees, we shall address each of the five factors. See Hewel v. Long Term Disability Income Plan for Choices Eligible Employees, No. 09-5343, 2010 WL 2710582, at *2 (D.N.J. July 7, 2010) ("In exercising its discretion under 29 U.S.C. § 1132(g), the Court need not expressly evaluate the Ursic factors, but rather is free to consider any factors that it deems relevant in exercising its discretion.").

### B.  Ursic **Five Factor Test**

The five factor test requires consideration of: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the

5

offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions.  Ursic, 719 F.2d at 673.

The first factor weighs against defendant.  The Court found defendant's conduct to be culpable because it: (1) reversed its initial decision that plaintiff was disabled and terminated her benefits without receiving any additional medical evidence that differed from the evidence it previously considered; (2) failed to address plaintiff's rhupus diagnosis and the decision of the SSA awarding plaintiff SSD benefits; and (3) failed to comply with ERISA's notice requirements under § 503.  Connor, 796 F.Supp.2d at 590; see also McPherson v. Employees' Pension Plan of American Re-Insurance Co., Inc., 33 F.3d 253, 256-57 (3d Cir. 1994) ("In a civil context, culpable conduct is commonly understood to mean conduct that is "blameable; censurable; ... at fault; involving the breach of a legal duty or the commission of a fault.... Such conduct normally involves something more than simple negligence.... [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose.") (citing Black's Law Dictionary (6th ed. 1990)).

The second factor is uncontested as defendant admits that it has the ability to pay an award of attorney's fees.  The third factor weighs against defendant.  The award of attorney's

6

fees would serve to deter the types of actions that the Court found to be culpable on the part of the defendant, and support compliance with notice requirements and consideration of all available and relevant medical evidence in the future.  The fourth factor also weighs against defendant because the members of the pension plan would receive a common benefit if defendant were to be deterred from future culpable conduct.  Also, the facts in this case are not so particular to plaintiff that other plan members would not benefit from defendant's future compliance with all notice requirements and consideration of all available and relevant medical evidence.

Finally, after assessing the relative merits of the parties' position, the fifth factor weighs against defendant.  Although the Court denied plaintiff's claims that defendant's termination of her LTD benefits was arbitrary and capricious because defendant required plaintiff to prove her disability by objective evidence and because defendant relied on the opinions of Drs. Payne and Lumpkins, the Court ultimately found in favor of plaintiff.  Specifically, the Court gave significant weight to plaintiff's claims that defendant reversed its initial decision of disability and terminated plaintiff's benefits without receiving any additional medical evidence that differed from the evidence it previously considered, that defendant failed to address plaintiff's rhupus diagnosis and the decision of the SSA

7

awarding plaintiff SSD benefits, and that defendant failed to comply with ERISA's notice requirements under § 503.  A comparison of the relative merits of the party's positions reveals that plaintiff's position has more merit.[2]

Accordingly, application of the five factor test weighs in favor of an award of attorney's fees.

### C.   Reasonableness of Fee Award

In her motion for attorney's fees, plaintiff requests that the Court award attorney's fees at the hourly rate of $375, for 169.5 hours worked for total fees in the amount of $63,562.50.[3]  In her reply to defendant's opposition to the motion for attorney's fees, plaintiff's counsel submitted an additional affidavit requesting an additional 15.75 hours for preparing the reply brief.  In sum, plaintiff requests an award of 185.25 hours at the rate of $375 per hour for a total of $69,468.75, plus costs in the amount of $350.

Defendant argues that if the Court rules that plaintiff is entitled to attorney's fees, that the Court should reduce the fee award because the hourly rate and number of hours billed is unreasonable.  Defendant argues that since plaintiff's retainer

---

[2]    The Court notes that the Hardt test is not unlike the fifth factor under the Ursic test.

[3]    Plaintiff's counsel's first affidavit incorrectly states the total fee amount as $63,652.20.  It appears that counsel transposed the six and five.

agreement with her attorney limited his fee to $3,415 that the Court should only award that amount.  Defendant further argues that plaintiff's counsel's hourly rate of $375 is not reasonable, that plaintiff's counsel billed for clerical tasks, and that his total number of hours is grossly inflated.

Defendant provides no legal support for his argument that plaintiff's counsel's fee award under ERISA should be limited to the amount provided in a retainer agreement.  There is no such requirement under 29 U.S.C. § 1132(g)(1).  Accordingly, defendant's request to reduce counsel's fee on this ground is denied.

### 1.   Hourly Rate

With regard to the reasonableness of counsel's hourly rate of $375, the Court finds that plaintiff has not provided adequate support that such a rate is reflective of the prevailing market rates in the community.  Plaintiff submitted the affidavit of Michael E. Quiat, Esquire, of Uscher, Quiat, Uscher & Russo, in Hackensack, New Jersey, who stated that colleagues who practice in the States of New York and New Jersey have been awarded legal fees in ERISA claims at hourly rates between $375 and $495 per hour.  Mr. Quiat states that the hourly rate of $375 is reasonable and consistent with the current market for legal services in ERISA benefits litigation in the NY/NJ metropolitan area.  Plaintiff also cites to Howley v. Mellon Financial Corp.,

9

No. 06-5992, 2011 WL 2600664, at *5 (D.N.J. June 27, 2011) involving an ERISA case in which the Court found that hourly rates of $425 for the named partner, $400 for of-counsel, and $350 for an associate were consistent with the prevailing rates.

Both the Quiat affidavit and Howley case, however, refer to rates in the New York or northern New Jersey legal market.  The rates in southern New Jersey, where counsel and where this Court is located, have been found to be lower.  See Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984) (the reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community).  Recently, the prevailing market rate in southern New Jersey has been found to be $250.  See L.J. ex rel. V.J. v. Audubon Bd. of Educ., 373 Fed.Appx. 294, 298 (3d Cir. 2010) (affirming reduction in attorney's billing rate to $250 in IDEA case because $400 per hour was not a reasonable billing rate in the south New Jersey market); D'Orazio v. Washington Tp., No. 07-5097, 2011 WL 6717427, at *4 (D.N.J. Dec. 21, 2011) (finding the maximum reasonable hourly rate in southern New Jersey to be $250 in civil rights and employment litigation case).[4]

Accordingly, the prevailing hourly attorney billing

---

[4]   There is no evidence suggesting that an ERISA case is inherently more complex than an IDEA, civil rights or employment litigation case.

rate in the southern New Jersey market is $250.[5]  See id. Therefore, counsel's hourly rate will be set at $250.

### 2.  Clerical Time Entries

Defendant argues that plaintiff's counsel billed 26.0 hours for work spent doing clerical or routine tasks. Specifically, defendant requests that the following entries be stricken:

| | | |
|---|---|---:|
| 3.26.09 | Draft waiver of service of summons and letter to Sedgwick serving complaint | 1.75 |
| 4.30.09 | File amended complaint | 0.75 |
| 9.06.10 | Select and locate and copy exhibits in support of motion for summary judgment | 4.25 |
| 9.07.10 | Select and locate additional documents in support of motion for summary judgment | 3.00 |
| 9.10.10 | Draft certification of exhibits in support of motion for summary judgment | <u>3.00</u> |
| | | 12.75 |

Defendant further requests that the following entries be reduced by fifty percent (50%) due the clerical nature of the task:

| | | |
|---|---|---:|
| 4.28.09 | Draft amended complaint substituting PNC Corp for Sedwick | 1.75 |
| 5.01.09 | Serve amended complaint upon counsel for PNC | 0.75 |

---

[5] Plaintiff has also submitted a 2004 opinion and order from a Magistrate Judge in this District in which plaintiff's counsel was specifically awarded fees at an hourly rate of $300 in an ERISA case.  The Magistrate Judge, however, was not located in the Camden vicinage in southern New Jersey and, thus more likely familiar with the prevailing rates in the northern New Jersey market rather than southern New Jersey.

11

|         |                                                                                  |      |
|---------|----------------------------------------------------------------------------------|------|
| 9.14.09 | Review motion to appear *pro hac vice*                                           | 0.50 |
| 9.17.09 | Review scheduling order entered by Magistrate Judge Donio                        | 0.25 |
| 9.30.10 | File motion for summary judgment via ECF and send courtesy copy to Judge Hillman | 0.75 |
|         |                                                                                  | 4.00 |

As the above table indicates, the specific entries challenged by defendant only add up to 16.75 hours[6] (12.75 hours plus 4.00 hours), not 26.0 hours. Defendant does not provide any objection to any specific time entries for the remaining 9.25 hours. See Bell v. United Princeton Prop., Inc., 884 F.2d 713, 714 (3d Cir. 1989) (the burden is on the party seeking a special adjustment to the lodestar amount); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

Although plaintiff's counsel states that he disagrees with defendant's objection that the time entries were clerical, he does not provide any argument in opposition and merely states that he "will leave it to the judgment of this Court to delete

---

[6] Although specific as to description and time entry, defendant failed to include the date of entry for the Court's consideration. Defendant did include a copy of plaintiff's counsel's time entries with various dates circled, but there is no cross reference to defendant's objection and the particular dated time entries. For the disputed clerical time entries, the Court was able to determine what date defendant was referring to based on defendant's description of the time entry, but defendant failed to provide any specific description for the remaining disputed time entries. In the future, counsel is advised to provide the specific detail as set forth in this Opinion.

12

compensation." Accordingly, the Court will grant defendant's unopposed objection to the above time entries and will reduce counsel's fee by 14.75 hours (deletion of 12.75 hours and reduction of the 4.00 hours by 50% to 2.00 hours).

Defendant also objects that plaintiff's counsel did not delegate any tasks to a paralegal who would bill his or her time at a lower rate. Again, defendants utterly fail to provide the Court with complete information leaving the Court to decipher what entries are subject to reduction. Nevertheless, the Court has identified the following entries as those which plaintiff's counsel should have delegated to a paralegal or junior associate:

| | | |
|---|---|---|
| 02.23.09 | Review administrative record | .50[7] |
| 02.25.09 | Review administrative record | 4.00 |
| 02.27.09 | Review administrative record | 4.75 |
| 03.01.09 | Prepare factual outline of administrative record | 4.00 |
| 03.10.09 | Prepare draft of complaint and send to client to review | 2.00[8] |
| 03.12.09 | Draft civil cover sheet | 0.75[9] |
| 05.04.09 | Review return of executed service of summons and file proof of service | 0.50 |

---

[7] The Court has allocated .50 hours out of 2.5 hours billed for this task to paralegal/associate time.

[8] The Court has allocated 2.0 hours out of 2.25 hours billed for this task to paralegal/associate time.

[9] The Court has allocated .75 hours out of 2.75 hours billed for this task to paralegal/associate time.

```
07.30.09   Legal research for authority
           supporting discovery          2.00[10]

10.02.09   Draft and serve plaintiff's
           first set of interrogatories  2.75[11]

11.11.09   Legal research re: motion
           for discovery beyond
           administrative record         3.00

11.12.09   Prepare first draft of brief  4.00

11.13.09   Revise first draft of brief   3.00

11.30.09   Draft reply in response to
           defendant's response to
           plaintiff's opposition to
           seal the record               2.00

8.26.10    Legal research re: summary
           judgment, etc.                3.00

8.27.10    Legal research re: failure
           to consider impact of
           SSA decision                  2.75

09.13.10   Draft notice of motion for
           summary judgment, proposed
           form of order, and
           certificate of service        2.00

09.23.10   Complete first draft of
           brief                         5.00

09.26.10   Send draft to client to
           review and comment            1.00

11.02.10   Review defendant's statement
           of uncontested facts, and
           memorandum in support of
           defendant's cross motion for
```

---

[10] The Court has allocated 2.0 hours out of 2.50 hours billed for this task to paralegal/associate time.

[11] The Court has allocated 2.75 hours out of 3.75 hours billed for this task to paralegal/associate time.

14

|           |                                                                                                         |              |
|-----------|---------------------------------------------------------------------------------------------------------|--------------|
|           | summary judgment and motion to seal the record                                                          | 3.00[12]     |
| 11.04.10  | Draft response to defendant's statement of undisputed material facts                                    | 4.00         |
| 11.06.10  | Complete response to defendant's statement of undisputed material facts                                 | 4.00[13]     |
| 11.07.10  | Draft portions of reply memorandum in support of motion for summary judgment                            | 4.00[14]     |
| 11.08.10  | Draft portions of reply memorandum                                                                      | 4.00[15]     |
| 11.09.10  | Complete draft of reply memorandum and forward to client, review application for a protective order    | 4.00[16]     |
| 11.11.10  | Draft and file response to defendant's request to seal the entire administrative record; file reply memorandum of law and response to defendant's statement of uncontested facts | 1.50[17]     |

---

[12] The Court has allocated 3.0 hours out of 4.0 hours billed for this task to paralegal/associate time.

[13] The Court has allocated 4.0 hours out of 5.0 hours billed for this task to paralegal/associate time.

[14] The Court has allocated 4.0 hours out of 5.0 hours billed for this task to paralegal/associate time.

[15] The Court has allocated 4.0 hours out of 5.0 hours billed for this task to paralegal/associate time.

[16] The Court has allocated 4.0 hours out of 5.5 hours billed for this task to paralegal/associate time.

[17] The Court has allocated 1.5 hours out of 2.5 hours billed for this task to paralegal/associate time.

```
06.27.11   Prepare notice of motion for
           allowance of attorney's fees
           and costs, proposed form
           of order and supporting
           affidavit                              2.00[18]

Total hours                                      73.50
```

Plaintiff has not submitted any evidence in support of the prevailing billing rate for an associate or paralegal in southern New Jersey. In D'Orazio, the Court affirmed the Magistrate Judge's Report and Recommendation finding that a rate of $150 for an associate and $85 for a paralegal in southern New Jersey was reasonable. See id., 2011 WL 6717427, at *4. Given that D'Orazio was decided by the Court in this District in the Camden vicinage which is located in southern New Jersey only a few weeks ago on December 21, 2011, the associate rate of $150 and paralegal rate of $85 per hour will be relied upon in this matter. The Court will not further parse out what should have been delegated to a paralegal and what should have been delegated to an associate and will instead apply a blended rate of $117.50. Thus, multiplying a blended rate of $117.50 by 73.5 hours yields $8,636.25.

### 3. Conflict of Interest Issue

Defendant argues that plaintiff's counsel's should not

---

[18] The Court has allocated 2.0 hours out of 2.75 hours billed for this task to paralegal/associate time.

16

be entitled to time spent researching and litigating whether a conflict of interest existed due to defendant's payment of medical consultants. Defendant argues that since the Court ultimately concluded that no conflict of interest existed, there was no justification to pursue this issue.

Although ultimately unfruitful for plaintiff, the Court granted plaintiff's motion for limited discovery on this issue. The Magistrate Judge issued an order and opinion permitting plaintiff to seek the number of medical opinions that Dr. Payne and Dr. Lumpkin rendered to Sedgwick that supported a claim for benefits because "[s]uch statistical information ... is relevant to whether the medical professionals are 'disinterested arbiters,' and the District Court may consider this factor in reviewing Defendant's decision to deny long term disability benefits to Plaintiff." Therefore, the Court does not find that plaintiff's counsel's efforts in this area of inquiry were unjustified and defendant's request to reduce his hours spent on this issue will be denied.

### 4. Unsuccessful Claims

Although plaintiff's attorney's fees will not be reduced based on the unsuccessful conflict of interest issue since pursuit of such claim was specifically sanctioned by the Court, the fee will be reduced due to plaintiff's unsuccessful claims that the termination of her LTD benefits was arbitrary and

17

capricious because: (1) defendant required plaintiff to prove her disability by objective evidence and (2) because defendant relied on the opinions of Drs. Payne and Lumpkins.  Although the success of her other claims ultimately outweighed these two unsuccessful claims, it is appropriate to reduce plaintiff's counsel fee by ten percent (10%) for time spent litigating unsuccessful claims. See Maria C. ex rel. Camacho v. School Dist. of Philadelphia, 142 Fed.Appx. 78, 83 (3d Cir. 2005) (finding underlying petition largely unsuccessful and confirming fee reduction); Abrams v. Lightolier Inc., 50 F.3d 1204, 1222 (3d Cir. 1995) ("[A] court is to consider the amount of time plaintiff's counsel has spent on unsuccessful claims in determining the appropriate attorneys' fees award.").

### 4.   General ERISA Research

Defendant generally complains that plaintiff's counsel's entries for 11.25 hours for research of basic ERISA principles should be reduced by half.  Although defendant states that "[a]t least four" entries amounting to 11.25 hours, should be reduced, defendant, again, does not provide the specific time entries.  See Bell, 884 F.2d at 714; Rode, 892 F.2d at 1183.

Even taking into consideration defendant's argument that plaintiff's counsel, who holds himself out as an experienced ERISA attorney, should not be compensated for researching basic issues such as the standard of review and scope of permissible

discovery beyond the administrative record, plaintiff argues that the research was not conducted on so-called basic issues. Plaintiff states that very little time was spent on basic issues and that "it is always necessary to learn whether there have been any recent decisions." Plaintiff also states that research time "was spent on the scope of permissible discovery beyond the administrative record in order to establish the basis for an exception," as well as research to determine "the right to seal the record, the right to a protective order, the effect of the failure to consider the impact of a decision of the Social Security Administration, and the effect of the failure to comply with 29 CFR § 2560.503(g)(iii)."

Defendant's request is somewhat redundant since, as set forth in the previous section, many of plaintiff's counsel's time entries have been reduced on grounds that they should have been performed by a paralegal or associate and billed at their respective rates. Time spent doing legal research were such entries and, therefore, the Court has already reduced plaintiff's counsel's fee for such research and will not further reduce the time.

### D.  Lodestar

In calculating a reasonable attorney's fee, the Court employs the "lodestar" formula, "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir.

2001). As stated above, the reasonable hourly rate to be applied for plaintiff's counsel is $250 per hour. The 14.75 hours spent on clerical tasks will be deducted, and the 73.5 hours that should have been delegated will be deducted leaving a total number of attorney hours of 97 (185.25 - 88.25 = 97). Thus, the lodestar for plaintiff's counsel is now $250 multiplied by 97, or $24,250. Added to this amount will be the time deemed to have been delegated to a paralegal/associate in the amount of $8,636.25, for total fees in the amount of $32,886.25. Subtracted from this amount will be the 10% reduction for litigation of unsuccessful claims resulting in a final fee amount of $29,597.62. There is no disagreement over the request for filing fees in the amount of $350 which will be added to the lodestar for total of award of $29,947.62.[19]

      An appropriate order will be entered.

                                              s/Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.

Dated:   February 23, 2012
At Camden, New Jersey

---

[19] The Court notes that in ERISA cases, which do not involve Congressionally mandated fee-shifting, reason may require some rational proportionality between the value of a case and the lawyer's investment of time. If it were otherwise, an enterprising lawyer might be too easily inspired to turn every federal statutory slight into Jarndyce and Jarndyce. See Charles Dickens, Bleak House (1853). A balance should be struck between creating an incentive for a lawyer to invest his time in a small case still meaningful to his client while avoiding the situation where the case becomes one solely about fees.