# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GAIL A. CONNOR, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 09-cv-1140 (NLH) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SEDGWICK CLAIMS MANAGEMENT | : | |
| SERVICES, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

Stephen R. Bosin, Esquire
70 Grand Avenue
River Edge, New Jersey 07661-0201
     *Attorney for Plaintiff Gail A. Connor*

Ivan R. Novich, Esquire
Edwards, Angell, Palmer & Dodge, LLP
One Giralda Farms
Madison, New Jersey 07940
     *Attorney for Defendants PNC Corp. & Affiliates Long Term
     Disability Plan*

**HILLMAN, District Judge**

Currently pending before the Court is Plaintiff's Motion for Reconsideration [Doc. No. 53] of this Court's prior Opinion and Order entered on February 23, 2012.  [Doc. Nos. 51 & 52.]  For the reasons that follow, Plaintiff's Motion will be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are familiar to all relevant parties and the Court, and are detailed in the Court's prior Opinions.

[See Doc. Nos. 38, 39, 51, & 52.]  The Court therefore only discusses the facts and procedural history relevant to the instant Motion.

On June 24, 2011, the Court entered an Order granting in part and denying in part Plaintiff's Motion for Summary Judgment. [Doc. No. 39.]  Based on the partial success of her Motion, Plaintiff thereafter filed a Motion for Attorneys' Fees, requesting an award of 185.25[1] hours at the rate of $375.00 per hour, for a total of $69,468.75, plus costs in the amount of $350.00.  [Doc. Nos. 42 & 50.]  On February 23, 2012, the Court entered an Order which granted Plaintiff's request for attorneys' fees, but reduced the overall amount of the award. [Doc. No. 52.] More specifically, the Court found that Plaintiff's counsel's claimed hourly rate of $375.00 did not reflect the prevailing market rate in southern New Jersey.  As such, the Court set counsel's hourly rate at $250.00 — an amount more indicative of the prevailing rates in the southern New Jersey region.  The Court further reduced Plaintiff's counsel fee by ten percent (10%) for time spent litigating unsuccessful claims.  Finally, the Court also deducted from the total amount 14.75 hours spent by Plaintiff's counsel on clerical tasks, and 73.50 hours spent

---

[1]  In Plaintiff's initial Motion for Attorneys' Fees [Doc. No. 42], Plaintiff only requested 169.5 hours.  However, in her Reply [Doc. No. 50], Plaintiff requested an additional 15.75 hours, thereby bringing the total amount of requested hours to 185.25.

on work that should have been delegated to a paralegal or
associate paid at a lower rate.  With regard to the latter, the
Court determined that the accepted hourly rate of an associate
attorney in southern New Jersey is $150.00, and the accepted rate
of a paralegal is $85.00.  Based on these rates, the Court
applied a blended rate of $117.50 to the 73.50 hours that
Plaintiff's counsel should have delegated to an associate or
paralegal.  The Court thereafter applied the "Lodestar Formula"
to find the reasonable attorney fee amount due in this case,
finding as follows:

> As stated above, the reasonable hourly rate to be applied
> for plaintiff's counsel is $250 per hour.  The 14.75 hours
> spent on clerical tasks will be deducted, and the 73.5
> hours that should have been delegated will be deducted
> leaving a total number of attorney hours of 97 (185.25 -
> 88.25 = 97).  Thus, the lodestar for plaintiff's counsel is
> now $250 multiplied by 97, or $24,250. Added to this amount
> will be the time deemed to have been delegated to a
> paralegal/associate in the amount of $8,636.25, for total
> fees in the amount of $32,886.25.  Subtracted from this
> amount will be the 10% reduction for litigation of
> unsuccessful claims resulting in a final fee amount of
> $29,597.62.  There is no disagreement over the request for
> filing fees in the amount of $350 which will be added to
> the lodestar for total of award of $29,947.62.

[Doc. No. 51.] The Court entered an Order on February 23, 2012
awarding Plaintiff's counsel fees in the amount of $29,947.62.
[Doc. No. 52.]  Plaintiff then filed a motion seeking
reconsideration of that Order on the grounds that the attorneys'
fee award applied by the Court was erroneous.[2]  [Doc. No. 53.]

---

[2] Third Circuit precedent indicates that a district court
must hold an hearing prior to reducing a claimed hourly rate.

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration.  See Harrison v. Smith, No.Civ.A.08-3050, 2010 WL 715666, at *2 (D.N.J. Feb. 24, 2010) (citing United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999)).  Generally, such motions are treated as motions to alter or amend the judgment of the court pursuant to Rule 59(e), or as motions for relief from the court's judgment and/or order under Rule 60(b).  See Harrison, 2010 WL 715666 at *2.  In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).  Bowers v. Nat'l Collegiate Athletics Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001).  That rule provides, in relevant part, as follows:

> [A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge. . . . A brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked shall be filed with the Notice of Motion.

L.R. 7.1(i).

A motion for reconsideration is "a device to relitigate the original issue decided by the district court, and [it is] used to

---

See Levy v. Global Credit & Collection Corp., No. Civ.A.10-4229, 2011 WL 5117855, at *4 (D.N.J. Oct. 27, 2011) (Kugler, J.) (citing Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997) ("If hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates.")). In the instant case, the Court held a hearing on this matter on November 15, 2012.  [See Doc. No. 65.]

allege legal error." Dermo v. Isaacson, No. Civ.A.11-06520, 2012
WL 4207179, at *1 (E.D. Pa. Sept. 19, 2012) (internal citations and
quotation marks omitted).  In order to prevail on a reconsideration
motion, the movant has the burden of demonstrating one of the
following:

> (1) an intervening change in the controlling law; (2) the
> availability of new evidence that was not available when
> the court [issued its order]; or (3) the need to correct a
> clear error of law or fact or to prevent manifest
> injustice.

Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.
1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194,
1218 (3d Cir. 1995)).  The standard for reargument is considerably
high, and such motions are to be granted only sparingly.  See
Dermo, 2012 WL 4207179 at *2; Harrison, 2010 WL 715666 at *2.
Thus, a party's difference of opinion with the court's decision
should be dealt with through the normal appellate process.  Bowers,
130 F.Supp.2d at 612 (citations omitted); Florham Park Chevron,
Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988);
see also Chicosky v. Presbyterian Med. Ctr., 979 F.Supp. 316, 318
(D.N.J. 1997); NL Indus., Inc. v. Comm. Union Ins. Co., 935 F.Supp.
513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be
used to re-litigate old matters, or to raise arguments or present
evidence that could have been raised prior to the entry of
judgment.").  In other words, "[a] motion for reconsideration
should not provide the parties with an opportunity for a second
bite at the apple." Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 532

(D.N.J. 1998) (internal citation omitted).

## III.  DISCUSSION

Plaintiff avers that the Court erred in its prior Opinion by incorrectly holding her counsel to the $250.00 hourly rate of an attorney in southern New Jersey, rather than the $375.00 hourly rate of an attorney in northern New Jersey, where her counsel is located.  Plaintiff further argues that the Court reclassified 73.50 hours of time as work that should have been delegated to a paralegal or associate, even though no objection was raised by the Defendant on this point.  Plaintiff therefore requests that the Court reconsider its prior attorneys' fee award with respect to: (1) the proper hourly rate for her attorney located in northern New Jersey; and (2) the hours that the Court found should have been delegated.  The Court considers each argument in turn below.

### A.  Hourly Rate for the Relevant Community

Plaintiff's initial allegation is that the Court erred when it utilized the standard $250.00 hourly rate of an attorney in southern New Jersey in its reasonable attorney fee determination. More specifically, Plaintiff's counsel avers as follows: "Neither party had asked that southern New Jersey rates apply.  The court, however, did so sua sponte because Camden, New Jersey was the site of the forum and because my office was thought to be in southern New Jersey."  (Pl.'s Mot. Recon. at 3.)

The party requesting attorneys' fees has the burden of proving

that its request is reasonable.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  To meet this burden, the party must submit to the court evidence depicting the hours worked and the rates claimed.  Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  On the other hand, opposing counsel may challenge the fee request as unreasonable through the submission of sufficiently specific affidavits and briefs.  Rode, 892 F.2d at 1183 (citing Bell v. United Princeton Prop., Inc., 884 F.2d 713 (3d Cir. 1989)); see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 713 (3d Cir. 2005).  In assessing whether the requested fee is reasonable, the district court may not decrease an award based on factors not at all raised by the other party.  Rode, 892 F.2d at 1193 (internal citations and quotation marks omitted).  If the adverse party has adequately challenged the fee request, however, "the district court has a great deal of discretion to adjust the fee award in light of those objections."  Id. (internal citation omitted).

"Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community."  Id. (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)).  "Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Id. (internal citations omitted).  Notably, the applicable market is

7

the community where the forum court presides, and not where the individual lawyer's office is located.  See Interfaith Cmty., 426 F.3d at 705 (3d Cir. 2005);[3] Avera v. Sec. of Health & Human Servs., 515 F.3d 1343, 1348-49 (Fed. Cir. 2008)(applying District of Columbia rate where court was located and rejecting market rate of the geographic location where the attorney maintained an office); Apple Corps. Ltd. v. Int'l Collectors Soc., 25 F.Supp.2d 480, 494 (D.N.J. 1998) (Greenaway, J.) (declining to apply New York City rate where attorneys' offices were located, and instead applying "forum rule" dictating that the relevant market is the place where the case was litigated).

In this case, although it is a close call, the Court finds that defense counsel's initial objection to Plaintiff's requested

---

[3] Plaintiff cites to this case to support her argument that "[t]he relevant community is not the place of the forum but where the services are rendered." (Pl.'s Mot. Recon. at 4.)  In Interfaith Community, however, the Third Circuit explicitly held that: "the relevant rate is the prevailing rate in the forum of the litigation." Id. at 1349. As such, contrary to Plaintiff's assertions, Interfaith Community does not support her argument.

Plaintiff also cites Rode v. Dellarciprete, 892 F.2d 1177 (3d Cir. 2009) as support for her argument that the relevant community is the location where services were rendered and not the place of the forum. (Pl.'s Mot. Recon. at 4.)  Once again, however, Plaintiff's cited authority does not support her argument.  Rather, in the general section of the Rode opinion laying out the applicable standards of law, the Third Circuit merely stated that: "Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community.  Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 1183.  The remainder of the Circuit Court's opinion is noticeably devoid of any mention that the site of services rendered is the applicable benchmark for a court's determination of "the relevant community." As such, Plaintiff's reliance on Rode is likewise misplaced.

hourly rate was sufficiently specific.  In their initial Response in Opposition to Plaintiff's Motion for Attorneys' Fees [Doc. No. 47], Defendants objected to Plaintiff's requested $375.00 rate on the grounds that "[i]t is well established [] that the Third Circuit follows the 'forum rate rule[.]'" (Def.'s Resp. Opp'n at 12.)  The Third Circuit Court of Appeals has clearly defined the "forum rate rule" to be "the prevailing rate in the forum of the litigation." Interfaith Cmty., 426 F.3d at 705.  In this case, the forum of the litigation was Camden, New Jersey, located in southern New Jersey.  Although defense counsel did not explicitly state that a southern New Jersey rate should apply here, it clearly objected to Plaintiff's proposed rate for similarly situated practitioners in and around the New York City metropolitan area (*i.e.*, northern New Jersey), and argued that the proper forum was the District of New Jersey.  The proper forum here was the District of New Jersey — specifically, the District's Camden vicinage.[4]

Moreover, defense counsel also articulated that a reasonable hourly rate "for an experienced practitioner in ERISA or federal litigation is roughly [between] $225.00 and $250.00" — the average hourly rate associated with attorneys in southern New Jersey. (Def.'s Resp. Opp'n at 12.)  While defense counsel did not expressly state that this is the standard rate of an attorney in

---

[4] As counsel is aware, the federal District of New Jersey has three vicinages, each with its own federal courthouse, panel of judges, and judicial resources. See United States District Court for the District of New Jersey, *available at* http://www.njd.uscourts.gov/atty/CountyJurs.pdf (last visited Nov. 20, 2012).

southern New Jersey, its intention was clear when reading this point in the context of the overall objection.

Furthermore, as noted by the Court at the November 15th hearing, all parts of the underlying Complaint and litigation took place in southern New Jersey.  Plaintiff is a resident of Sewell, New Jersey.  The gravamen of her grievances stem from her prior employment at the defendant's Haddonfield, New Jersey branch office.  She filed her Complaint with this Court in Camden, New Jersey.  All briefing was submitted to this Court, and all hearings and conferences took place in Camden as well.  Sewell, Haddonfield, and Camden are all located in what could fairly be referred to as southern New Jersey.  Based on the above considerations, the Court held that Plaintiff's counsel should be held to the reasonable hourly rate of an attorney here in southern New Jersey — $250.00.[5]

Plaintiff further avers that there is no recognized rate in southern New Jersey.  To support her argument, Plaintiff relies on Tenafly Eruv Association, Inc. v. Borough of Tenafly, 195 F. App'x. 93 (3d Cir. 2006).  Tenafly, however, is inapposite here.  The issue presented in that case was not whether a southern New Jersey rate should apply.  Rather, in assessing whether the requested attorney rates were reasonable, the Third Circuit considered "the

---

[5] The Court acknowledges that it misstated the location of Plaintiff's counsel's office in its initial Opinion.  The fact that counsel maintains an office in northern New Jersey and routinely bills rates more common to that part of the state and the New York metropolitan area does not change the fact that this case was litigating in, and was centered on events in, southern New Jersey.

norm [rate] of New Jersey attorneys with similar positions at top New Jersey law firms in late 2002[.]" Id. at 97.  Given that the litigation took place in New Jersey, the Third Circuit held that New Jersey rates — rather than New York City or Washington D.C. where other counsel was located — should apply.  Id.  In fact, the parties did not dispute that the relevant community was the State of New Jersey.  Id. at 96, n.1 ("The parties agree that the "relevant community" in this case is the State of New Jersey.") (further citation omitted).  As such, Tenafly in no way stands for the proposition that there is no recognized rate of attorneys in southern New Jersey.

Similarly, Plaintiff's reliance on Public Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179(3d Cir. 1995) is likewise misplaced.  In Windall, the Third Circuit chose not to disturb the district court's ruling to apply a statewide market rate for New Jersey.  Id. at 1187.  The district court in Windall sat in Trenton, New Jersey — a vicinage located in central New Jersey, and which encounters lawyers from both the northern and southern regions of the state.  Id.  Application of a state-wide rate was therefore appropriate because, as the Third Circuit noted, few southern New Jersey law firms were available and willing to represent the plaintiff.  Id.  In contrast to Windall, there is no credible evidence present here that southern New Jersey law firms were unwilling to take on Plaintiff's representation.[6]

_____

[6] While Plaintiff's counsel did cursorily allege at the November 15th hearing that Ms. Connor retained his services

11

Furthermore, Plaintiff also alleges that "[a]s further evidence that there is no southern New Jersey rate[,] Judge Kugler used the Philadelphia rate for South Jersey in Levy v. Global Credit & Collection Corp., No. Civ.A.10-4229, 2011 WL 5117855 (D.N.J. Oct. 27, 2011)." (Pl.'s Mot. Recon. at 5 (citation format altered).) Plaintiff's citation to Levy for this proposition, however, is incorrect. In Levy, Judge Kugler, a United States District Court Judge in this vicinage, considered five different factors in his determination of whether or not an attorneys' fee award was reasonable.[7] Id. at *3. Notably, none of these factors entailed an inquiry into whether "the relevant community" was

---

because "[s]he told me she couldn't find anybody where she lived and that's why she hired me," (11/13/12 Hr'g Trans. 11:18-19), counsel did not make this representation in his briefing or any of his submitted affidavits. Moreover, the Court notes that several southern New Jersey attorneys routinely appear in ERISA litigation venued in the Camden vicinage. See e.g. Teamsters Health & Welfare Fund of Phila. & Vicinity v. Demedio Lime Co., No. Civ.A.11-2811, 2012 WL 2594346 (D.N.J. July 5, 2012) (Hillman, J.)(party represented by large firm in Haddonfield, N.J.); Horizon Blue Cross Blue Shield of N.J. v. Transitions Recovery Program, No. Civ.A.10-3197, 2011 WL 2413172 (D.N.J. June 20, 2011)(Kugler, J.)(party represented by attorney in Haddonfield, N.J.); Connolly v. Aetna U.S. Healthcare, Inc., 286 F.Supp.2d 391 (D.N.J. 2003)(Simandle, J.)(parties represented by firms in Cherry Hill and Haddonfield, N.J.); Kao v. Aetna Life Ins. Co., 647 F.Supp.2d 397 (D.N.J. 2009) (Irenas, J.) (parties represented by firms in Cherry Hill and Camden, N.J.); Cooper Hosp. Univ. Med. Ctr. v. Seafarers Health & Benefits Plan, 500 F.Supp.2d 457 (D.N.J. 2007)(Irenas, J.)(party represented by firm in Cherry Hill, N.J.).

[7] The five factors considered by the court in Levy were: (1) the customary fees charged in similar cases; (2) the experience, reputation, and ability of the attorneys; (3) awards in similar cases; (4) the time and labor required; and (5) the novelty and difficulty of the questions presented. Levy, 2011 WL 5117855, at *3.

Philadelphia or southern New Jersey.  In fact, the opinion makes no reference to "the relevant community" whatsoever.  Rather, Judge Kugler merely stated that the source of the hourly rates proposed by the defendant — the CLS fee schedule[8] — was previously found by our sister court in the Eastern District of Pennsylvania to be "a fair reflection of the prevailing market rates in Philadelphia."  Id. at *4.  In the instant case, neither party relies upon the CLS fee schedule.  As such, Levy is inapplicable here.

Therefore, the Court declines to alter its initial finding that the applicable hourly rate of an attorney in this litigation is $250.00.  The $250.00 hourly rate is not — as Plaintiff contends — a "penalized rate," but rather is reflective of the degree of skill exercised in this type of case in this particular community.  As such, the Court reaffirms that part of its initial holding.

**B.  Paralegal Time**

Plaintiff also asks the Court to reconsider its prior findings with respect to the time her counsel spent on tasks that could have been delegated to a paralegal or legal assistant.  In its initial Response in Opposition [Doc. No. 47], defense counsel was unclear as to the scope of its objection on this point.  For example, counsel first alleged that: "Plaintiff's Motion seeks to recover for an astonishing 26.0 hours . . . for work spent doing clerical

---

[8] The CLS fee schedule is an index of proposed fees for services rendered that is published by Community Legal Services. Levy, 2011 WL 5117855, at *3.

or routine tasks that, even if handled by a paralegal or legal assistant, should have been completed in a much more efficient manner." (Def.'s Resp. Opp'n at 13.) After listing a several examples that Defendant considered to be clerical tasks, it then stated: "Therefore, Defendant requests that the Court . . . subtract 19.25 hours from Plaintiff's counsel's total hours." (<u>Id.</u> at 14.) Furthermore, Defendant attached to its motion a copy of Plaintiff's counsel's billing entries. (<u>See</u> <u>id.</u>, Ex. A.) Defense counsel "boxed" the entries that it contested, which added up to 64 hours. This lack of consistency in the amount of time contested by the defendant placed the Court in the difficult position of attempting to ascertain the scope of its challenge.

After a review of the original briefs and after considering the arguments of counsel at the hearing in this matter, the Court will apply the following methodology.[9] First, the Court will assess which of the "boxed" billing entries challenged by Defendant are tasks that could have been designated to a paralegal or legal assistant. The Court will then apply the reasonable hourly rate of

---

[9] The Court abandons its initial application of a "blended rate" averaging associate and paralegal rates in southern New Jersey. Closer scrutiny of Defendant's initial Response in Opposition indicates that Defendant only argued that such tasks could have been "handled by a paralegal or legal assistant." (Def.'s Resp. Opp'n at 13.) Furthermore, unlike its initial Opinion, the Court here will not consider any billing entries that were not "boxed," *i.e.*, actually challenged, by Defendant.

a paralegal in southern New Jersey to these challenged entries.[10]

A review of the record indicates that the following challenged billing entries are tasks that could have been designated to a paralegal or legal assistant:

| | | |
|---|---|---|
| 03.12.2009 | Draft civil cover sheet, finalize | 1.25 [11] |
| 03.26.2009 | Draft waiver of service of summons & letter to Sedgwick serving Complaint | 1.75 |
| 04.30.2009 | File Amended Complaint | 0.75 |
| 05.01.2009 | Serve Amended Complaint | 0.75 |
| 05.04.2009 | Review return of executed waiver of service of summons & file proof of service | 0.50 |
| 10.02.2009 | Serve Plaintiff's first set of interrogatories in accordance with limits set forth in Magistrates opinion | 0.75 [12] |
| 10.26.2009 | Send letter to Magistrate Donio supporting scope of discovery sought in Plaintiff's first set fo interrogatory answers | 1 [13] |
| 11.16.2009 | Draft certification in opposition to Defendants' motion for protective order | 1.75 |

---

[10] The Court notes that it rejects the argument made at the hearing in this matter that, as a solo practitioner who does not employ a paralegal, he is entitled to his full fee as an attorney for tasks that are clerical in nature.  Such a rule would create a powerful disincentive to use para-professionals in fee-shifting cases.

[11] The Court has allocated 1.25 out of 2.75 hours billed for this task to paralegal/assistant time.

[12]  The Court has allocated 0.75 out of 3.75 hours billed for this task to paralegal/assistant time.

[13] The Court has allocated 1 out of 2 hours billed for this task to paralegal/assistant time.

| 09.06.2010 | Select and locate and copy exhibits in support of motion for summary judgment | 4.25 |
|---|---|---|
| 09.07.2010 | Select and locate additional documents in support of motion for summary judgment | 3 |
| 09.10.2010 | Draft certification of exhibits in support of motion for summary judgment | 3 |
| 09.30.2010 | File motion for summary judgment via ECF and send courtesy copy to Judge Hillman | 0.75 |
| **TOTAL** | | **19.00 hours** |

Accordingly, the Court finds that, out of the total hours that Plaintiff's counsel charged his client, 19 hours were dedicated to tasks of a clerical nature that could have been delegated to a paralegal or legal assistant. The Court will therefore apply the $85.00 hourly rate of a paralegal in southern New Jersey to these 19 hours. See D'Orazio v. Washington Twp., No. Civ.A.07-5097, 2011 WL 6717427, at *4 (D.N.J. Dec. 21, 2011) (Irenas, J.), *affirmed by* D'Orazio v. Washington Twp., No. Civ.A.12-1169, 2012 WL 4874976 (3d Cir. Oct. 16, 2012).

### C.   The Lodestar

In calculating a reasonable attorney's fee, the Court employs the "lodestar" formula, "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001). The district court has the discretion to make certain adjustments to the lodestar. Rode, 892 F.2d at 1183 (internal citation omitted).

The "most useful starting point" is determining the number of

hours reasonably expended on the litigation.  Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Plaintiff's counsel asserts that he dedicated 185.25 hours to this litigation.[14]  The Court will deduct 14.75 hours from this total for tasks that were clerical in nature.[15]  The Court will further deduct from this total 19.00 hours that should have been delegated to a paralegal or legal assistant.  This brings the number of hours reasonably expended on this litigation to 151.50.

$$185.25 - 33.75 = 151.50$$

"After determining the number of hours reasonably expended, the district court must examine whether the requested hourly rate is reasonable.  Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community."  Rode, 892 F.2d at 1183 (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)).  As stated above, the reasonable hourly rate to be applied for Plaintiff's counsel is $250.00.

$$151.50 \times 250.00 = 37,875.00$$

Added to this amount will be the number of hours that should have

---

[14]  As indicated above, Plaintiff's counsel initially only requested 169.5 hours [Doc. No. 42].  However, in her Reply [Doc. No. 50], Plaintiff requested an additional 15.75 hours, thereby bringing the total amount of requested hours to 185.25.

[15] In its initial Opinion, the Court deducted 14.75 hours from the total amount of hours.  The Court then proceeded to reclassify another 73.50 hours as time spent on work that should have been delegated to an associate or paralegal.  At the reconsideration stage, Plaintiff's counsel does not contest the Court's initial deduction of 14.75 hours.  Indeed, Plaintiff's counsel did not oppose this deduction during the initial consideration of this motion.  As such, the Court will once again deduct this 14.75 hours from the total number of hours.

been delegated to a paralegal or legal assistant at the rate of $85.00 per hour, bringing the total fee award to $39,490.00.

$$19.00 \times 85.00 = 1,615.00$$

$$37,875 + 1,615.00 = 39,490.00$$

Subtracted from this amount will be the 10% reduction for litigation of unsuccessful claims, bringing the total fee award to $35,541.00.[16]

$$39,490.00 - 3,949.00 = 35,541.00$$

Finally, the Court will add to this amount Plaintiff's undisputed request for $350.00 in additional costs.

$$35,541.00 + 350.00 = 35,891.00$$

Accordingly, the Court finds that the total attorneys' fee award in the instant case is $35,891.00.

## IV.   CONCLUSION

Based on the above, Plaintiff's Motion for Reconsideration will be granted.  Plaintiff's counsel is entitled to a reasonable fee award of $35,891.00.

An appropriate Order follows.

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated:  12/17/12
At Camden, New Jersey

---

[16] In the Court's initial Opinion, it reduced Plaintiff's counsel's fees by 10% for time spent litigating unsuccessful claims.  Neither party has objected to this deduction at the reconsideration stage of proceedings.